# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Kimberly D. Kight )<br>7209 Hanover Parkway )<br>Suite A )<br>Greenbelt, MD 20770 )<br>    )<br>    v.    )<br>    )<br>Louis DeJoy, Postmaster General )<br>United States Postal Service )<br>8200 Corporate Drive )<br>Landover, MD 20785 )<br>    )<br>And )<br>    )<br>Barbara Kay Myers, Postmaster )<br>United States Postal Service )<br>8200 Corporate Drive )<br>Landover, MD 20785 )<br>_____ ) | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

Plaintiff Kimberly Kight, by and through her attorneys, brings this action against Defendants United States Postal Service and Postmaster Barbara Kay Myers and alleges as follows:

### Nature of the Action

1. Plaintiff Kimberly Kight brings this complaint against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 42 U.S.C. § 1983, and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a). The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201.

1

2. Plaintiff has exhausted her claims by filing the required forms with the Defendants and receiving no response.

## Introduction

3. This Action seeks damages for the actions of Postmaster Barbara Kay Myers, taken under color of law, to blatantly, obviously, and egregiously discriminate against Plaintiff Kimberly Kight on the bases of race. Postmaster Myers refused to provide Post Office services to Plaintiff Kight and launched into an offensively racist rant when Plaintiff attempted to make use of Post Office services, namely obtaining a money order.

## Jurisdiction and Venue

4. This Court has jurisdiction over this claim against the United States Postal Service for money damages pursuant to 28 U.S.C. § 1346(b)(1) and 39 U.S.C. § 409.

5. The acts or omissions giving rise to the claim occurred in Fulton, Maryland. Venue is therefore proper under 28 U.S.C. § 1391(b).

## The Parties

6. Plaintiff Kimberly Kight is an adult United States citizen and resident of Fulton, Maryland. Plaintiff is an African-American businesswoman whose occupation as a law firm practice manager requires her to frequently order money orders from the United States Post Office.

7. Defendant United States Postal Service is sued for Plaintiff's injuries caused by the negligent or wrongful acts or omissions of its employees. Those employees were acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Maryland. *See* 28 U.S.C. § 1346(b).

8. Defendant Postmaster Barbara Kay Myers ("Defendant Myers") is sued in her official capacity for Plaintiff's injuries caused by her own actions under color of law. She was acting within the scope of her office and employment under circumstances where she would be liable to Plaintiff in accordance with the laws of the 2015 Maryland Code. *See* Md. Code Ann. § 20-304.

## Statement of Facts

9. On May 18, 2020, Mr. Cantrell Goode, an employee of Plaintiff, entered the post office located at 11831 Scaggsville Road in Fulton, MD 20759. Mr. Goode requested a money order in the amount of $6,000.00 to be paid to the State of Maryland for matters related to Plaintiff's business.

10. Mr. Goode was greeted at the counter by Defendant Barbara Kay Myers, the Postmaster of the Fulton Branch Post Office.

11. When Mr. Goode informed the Defendant Myers of his money order request, Defendant Myers's immediate response was that she would not fulfill the request because Mr. Goode had to be "doing something illegal."

12. Defendant Myers told Mr. Goode that he was "too young to have that kind of cash on him unless he was doing something illegal" and refused to fulfill Mr. Goode's order.

13. Mr. Goode contacted his supervisor, Plaintiff Kight, to come assist him in obtaining the money orders.

14. When Plaintiff arrived, Defendant Myers reiterated that there could be "no reason young people could need such a large amount" of money.

15. Defendant Myers then embarked on a lengthy tirade, accusing Plaintiff of money laundering, threatening to call the police, and threatening to report the money order to the FBI. During this

tirade, Defendant Myers raised her voice, referred to Plaintiff and Mr. Goode as "you people," and became increasingly agitated over the course of approximately ten minutes. Defendant Myers never relented or provided the money orders until the attorney for the Plaintiff arrived and plead their case for discrimination, and even then the Defendant provided the money orders to the attorney and not the Plaintiff.

16. Upon information and belief, Defendant Myers is white female.

17. Plaintiff Kight and Mr. Goode are African American.

18. Defendant Myers's refusal to provide service was not based on any legitimate reason. Rather, her baseless accusations of age-related criminal conduct were paper-thin pretenses for racial animus against Plaintiff and Mr. Goode.

19. Plaintiff was so troubled and disturbed by the disrespectful and discriminatory encounter that she began losing sleep, had trouble focusing at work, and experienced flashbacks related to the confrontation.

20. Plaintiff sought treatment for her insomnia and inability to focus, and after several therapy sessions was diagnosed with Post-Traumatic Stress Disorder.

21. Title II of the Civil Rights Act of 1964 prohibits discrimination in places of public accommodation on the bases of race, color, religion, or national origin. Defendant Myers's conduct is in violation of 42 U.S.C. § 2000(a).

### Count I: Discrimination on the Basis of Race

22. Defendant Myers acted under the color of law to deny Plaintiff equal protection of the laws and to discriminate on the basis of race, in violation of 42 U.S.C. §§ 1981 and 1983.

23. Defendant Myers violated Plaintiff's clear Constitutional right to purchase money orders on the basis of her race.

## Prayer for Relief

24. Plaintiff therefore respectfully requests judgment against Defendant USPS for:

a. Damages for the pain and trauma resulting from the Defendant's discriminatory conduct under color of law in the amount of $300,000.00;

b. Declaring that Defendants violated her rights to nondiscriminatory treatment under the Fourteenth Amendment and 42 U.S.C. §§ 1981, 1983m and 2000(d) *et seq.*;

c. Enjoin defendants from continuing to discriminate on the basis of race in violation of the Fourteenth Amendment;

d. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

f. Such other relief as this Court deems just and proper.

Respectfully submitted,

_____
Jennifer Anukem, Esq. (#13983)
J. ANUKEM & ASSOCIATES, LLC
7209 Hanover Parkway, Suite A
Greenbelt, MD 20770
Phone: (301) 500-0462

Fax: (202) 800-2685  
janukem@janukemlaw.com  
*Counsel for Plaintiff*

## **VERIFICATION**

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING FACTS ARE TRUE AND ACCURATE BASED ON MY PERSONAL INFORMATION AND BELIEF.

10/16/2020  
DATE

*K. Kight*  
KIMBERLY KIGHT